In The United States District Court

For The Middle District of Tennessee

Nashville Division



| | |
|---|---|
| Robert C. Marks, Sr.<br><br>    Plaintiff<br><br>vs.<br><br>State of Tennessee<br>Administrative Office of the Courts<br><br>    Defendants | Civil Action File No. 3:06-cv-01208<br><br>**JURY DEMAND**<br><br>**JUDGE HAYNES** |

### Memorandum in Support of Motion to Alter or Amend the Judgment

1. This case was dismissed with prejudice for failure to prosecute on November 8, 2011 by the Court *sua sponte*. The Court's order stated that this was based on a review of the file, and lack of any activity for over two years. The last docket entry in the file was the remand of the case from the Court of Appeals. As far as the record shows, the sole basis for dismissal was the lack of activity on the case.

2. It is respectfully submitted that a dismissal with prejudice was not warranted, *regardless of the plaintiff's illness*, because of the wording of Local Rule 78.01, quoted on page 3 of the Motion. The language that the "dismissal shall be without prejudice" is couched in mandatory wording. Moreover, the wording of Rule 78.01 creates the expectation in claimants that a case will not be dismissed with prejudice simply because of the lack of activity and the passage of time.

1

3. *Mulbah v. Detroit Board of Education*, 261 F.3d 586 (6th Cir. 2001) sets forth the **four factors** to be considered when the Court exercises its discretion whether to dismiss a case for failure to prosecute: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action. 261 F.3d at 589.

4. **First factor.** Absent a finding by the Court, willfulness or bad faith cannot come into play. Serious illness is not a basis for fault. A stroke, congestive heart failure, and wounds that take nine months of home health nursing care to heal are not minor or transitory illnesses or conditions,

5. **Second factor.** Defendants, having not answered the complaint, are hardly in a position to claim prejudice from delay. Plaintiff wants a trial on the merits. The only thing that the plaintiff would seek to be deemed established is that he is a qualified individual under the Americans with Disabilities Act. Also, the basis for liability is already largely outlined by the documents filed for judicial notice. Many matters will have to be addressed to make all of these matters admissible at trial, as opposed to being set forth as a basis for allegation to resist motions under Fed. R. Civ. P. 12, but the essential outline of the case to be presented on liability is there.

6. **Third factor.** Plaintiff had no warning. The record does not show one. In fact, Local Rule 78.01 represents to the contrary.

7. **Fourth factor.** The record shows only that the Court reviewed the file. Less drastic sanctions were not imposed. The record does not show that less drastic standards were considered.

2

8. The law favors adjudication on the merits rather than on technicalities, a rule that serves as a tiebreaker in close cases, and counsels against dismissals for non-prosecution absent some notice or warning to the plaintiff. *Richman v. General Motors Corp.*, 437 F.2d 196, 200 (1st Cir. 1971).

9. In conclusion, plaintiff respectfully requests that the dismissal be set aside for just cause, pursuant to Local Rule 41.01, as quoted on page 3 of the Motion.

*/s/ Robert C. Marks/*
Robert C. Marks, Sr., *Pro se*
3411 Titleist Drive
Spring Hill, TN 37174-2888
Telephone: 615-405-7793
Fax: 615-302-1040
Email: robertclivemarks@aol.com

### Certificate of Service

I certify that I mailed a copy of this Memorandum in support of Motion to Alter or Amend the Judgment, consisting of three (3) pages to the attorney for the defendants by first class U.S. Mail, certified with return receipt requested, article number 7160 3335 3240 1000 0497 on December 6, 2011 as follows:

> Mr. David E. Coenen
> Assistant Attorney General
> Civil Litigation & State Services Division
> Office of the Attorney General and Reporter
> P.O. Box 20207
> Nashville, TN 37202-0207

*/s/ Robert C. Marks/*
Robert C. Marks, Sr.
